JOANNES v. JENNINGS.

*Libel — truth of statement a bar to action. Practice — motion for new trial.*

In a civil action for libel where the truth of the alleged libel is pleaded in justification it may be proved as a complete bar, and in such case the motives with which the publication was made are not material.

The practice of moving for a new trial in the court below, without stating the grounds upon which the motion is made, commented upon and condemned.

APPEAL by defendants from a judgment in favor of plaintiff, entered upon the verdict of a jury and from an order denying a motion for a new trial on the minutes of the court.

The action was brought by George the Count Joannes against Louis J. Jennings and another to recover damages for an alleged malicious libel published concerning the plaintiff, an attorney and counselor at law, in the New York Times, a newspaper, of which the defendants were proprietors. The opinion states sufficient facts for an understanding of the points passed upon.

*Beardslee & Cole,* for appellants.

*George, the Count Joannes,* respondent in person, cited the following " Collective authority in support of plaintiff's verdict:" *Leland* v. *Stone,* 10 Mass. 459; *Weld* v. *Bartlett,* id. 470, 473; *Stone* v. *Codman,* 15 Pick. 297; *Larned* v. *Buffinton,* 3 Mass. 546; *Richards* v. *Farnham,* 13 Pick. 451; *Hawkins* v. *Riley,* 17 B. Monr. (Ky.) 101; *Fleet* v. *Hollenkemp,* 13 id. 219; *Kountz* v. *Brown,* 16 id. 577; *Hair* v. *Little,* 28 Ala. 236; *Roberts* v. *Heim,* 27 id. 678; *Porter* v. *Seiler,* 23 Penn. St. 424; *Robinson* v. *Rupert,* id. 523; *Grant* v. *McDonogh,* 7 La. Ann. 447; *Cook* v. *Garza,* 9 Tex. 358; *Graham* v. *Roder,* 5 id. 141; *Cole* v. *Tucker,* 6 id. 266; *Murphy* v. *Crain,* 12 id. 297; *Birchard* v. *Booth,* 4 Wis. 67; *McCoy* v. *Danley,* 20 Penn. St. 85; *Clark* v. *Bales,* 15 Ark. 452; *McWilliams* v. *Bragg,* 3 Wis. 424; *Sherman* v. *Dutch,* 16 Ill. 283; *Wolf* v. *Cohen,* 8 Rich. (S. C.) L. 144; *Milburn* v. *Beach,* 14 Mo. 104; *Bradley* v. *Morris,* Busbee (N. C.), 395; *Bell* v. *Morrison,* 27 Miss. 68; *Smith* v. *Eakin,* 2 Sneed, 456; *Walker* v. *Borland,* 21 Mo. 289; *Phelin* v. *Kenderdine,* 20 Penn. St. 354; *McAfee* v. *Crofford,* 13 How. (U. S.) 447; *Day* v. *Woodworth,* id. 363; *Seymour* v. *McCormick,* 16 id. 480; *Fry* v. *Bennett,* 1 Abb. 289 ; S. C., 4 Duer, 247; *Tillotson* v. *Cheetham,* 3 Johns. 56; *Hoyt* v. *Gelston,* 13 id. 141; *Wort* v. *Jenkins,* 14 id. 352 ; *Woodward* v. *Paine,* 15 id. 494; *King* v. *Root,* 4 Wend. 113 ; *Fero* v. *Ruscoe,* 4 N. Y. 162; *Addington* v. *Allen,* 11 Wend. 380; S. C., 7 id. 26, and 12 id. 215 ; *Dain* v. *Wycoff,* 7 N. Y. 191 ; *Taylor* v. *Church,* 8 id. 452 ; S. C. below, 1 E. D. Smith, 292 ; *Bush* v. *Prosser,* 11 N. Y. 356 ; *Foster* v. *Hicks,* 13 Barb. 663 ; *Knight* v. *Wilcox,* 18 id. 212.

Present — DAVIS, P. J., BRADY and DANIELS, JJ.

DAVIS, P. J.    At the close of the case a certificate of the clerk of the Circuit Court is inserted, which contains an entry in these words : " Motion for a new trial on the judge's minutes denied." No grounds upon which the motion was made are stated ; and it

does not appear whether it was made on questions of law or of fact, or for excessive damages, or on some alleged irregularity. It is not error to deny a general motion which states no ground whatever; nor ought this court, where such a motion is made, to entertain questions not suggested to the court below, but raised here for the first time. The practice that was pursued in this case is, however, very common. It is, nevertheless, wrong, because of its injustice to the judge before whom the case was tried, who is entitled to have the grounds of such a motion specifically pointed out, so that he may have the opportunity to correct any error that, on reflection, may appear to have occurred, or to consider the alleged irregularity or the impropriety of the verdict on any ground. It is also unjust to the successful party, because no opportunity is given him to know on what ground the motion will be attempted to be sustained on appeal. The existing practice ought to be corrected.

In this case, however, we have looked into the evidence, and are satisfied that there is no reason for disturbing the verdict on any question of fact, nor because of excessive damages. The jury doubtless found, and were quite justified in doing so, that the publication, so far as submitted to them, was made for the purpose of the annoyance and ridicule of the plaintiff. The damages were, therefore, in their sound discretion; and if they concluded that when a public journal of acknowledged influence and character descends to such an attack, the injury may be measured in some degree by the strength of the assailant, the court are not at liberty, for that reason, to interfere. The defendants have no reason to complain of the manner in which the facts of the case were submitted to the jury by the learned judge. He brought their attention to the only question which, in the absence of proof of express malice in publishing the affidavit, was proper for their consideration, and he submitted that question to them with great clearness and equal fairness.

None of the exceptions to the charge, or to the refusals to charge as requested, seem to call for consideration except one.

At the close of the charge the defendants' counsel asked the court to charge that, if the statements preceding the affidavits, which do not flow from the affidavit and the speech itself, be true, " then no action will lie upon them." In response to this request the court charged: " If you find from the evidence that even although the statements which precede the affidavit do not legitimately flow from the affidavit, still they were true; then the defendants would be entitled to a verdict, *unless you find they were published for a mali-*

*cious purpose.*" The defendants' counsel excepted to the last portion of this charge to the words "unless you find they were published for a malicious purpose."

The learned judge doubtless had in his mind the provision of the constitution, under which, in a criminal case, this charge would have been correct. Section 8 of article 1 of our State constitution provides, that "In all criminal prosecutions or indictments for libel the truth may be given in evidence to the jury; and if it shall appear to the jury that the matter charged as libelous is true, and was published with good motives, and for justifiable ends, the party shall be acquitted."

This provision it will be observed is limited by its express terms to *criminal* prosecutions and indictments. The former constitution did not, in this connection, contain the word "criminal," and it was thought by learned and able jurists that the provision of that constitution was applicable to civil actions for libel. See *Dolloway* v. *Turrill*, 26 Wend. 383, and opinions of Senators ROOT and VERPLANCK, pages 399–402. All doubt, however, was removed by the insertion of the word "criminal," as it now appears in the constitution of 1846.

In civil actions where the truth of the alleged libel is pleaded in justification, it may be proved as a complete bar to the suit; and in such case the motives with which the publication was made are not material.

This was so laid down both by the Supreme Court and by the Court of Errors in the celebrated ease of *Root* v. *King*, 7 Cow. 613; S. C., 4 Wend. 113. The rule is the same in slander; and as it was tersely stated by BRONSON, J., in *Baum* v. *Clause*, 5 Hill, 196: "Our laws allow a man to speak the truth although it be done maliciously." The defendants had pleaded in justification the truth of the statements which preceded the affidavit, and had given evidence which justified the submission of the question of their truth to the jury. The charge allowed the jury even if they found the statement to be true, still if they also found that they were "published for a malicious purpose," to give the plaintiff a verdict for damages. We cannot, to a legal certainty, see that the verdict was not given upon such findings. Hence there was a fatal error which entitles the defendants to a new trial.

The judgment must be reversed and a new trial ordered, with costs to abide the event.

*Judgment reversed and new trial ordered.*